# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# IN SEATTLE

| | |
|---|---|
| MARLON SMITH, Plaintiff | CASE NO.: |
| v. | **COMPLAINT FOR DAMAGES:** |
| DEPUTY ARTHUR J. WALLIN# 1464; DEPUTY NATHAN SMITH, individuals sued in their individual and official capacity; THE SNOHOMISH COUNTY SHERIFF'S OFFICE a division of the COUNTY OF SNOHOMISH, A governmental unit within the State of Washington; **DOES 1 THROUGH 5.** Defendants | **VIOLATION OF 42 USC § 1983 UNDER THE 4TH AMENDMENTS; & FOR BATTERY; INFLICTION OF EMOTIONAL HARM AND RESPONDENT SUPERIOR** |
| | **JURY TRIAL REQUESTED** |

COMES NOW the Plaintiffs, Marlon Smith on his own as Plaintiff in this action. Plaintiffs allege the following:

## PARTIES

1. At all times material hereto, **Plaintiff Marlon Smith** was a single man residing in the King County, City of Seattle, Washington.

Smith v. Wallin et.al.

COMPLAINT

Page 1

Thomas S. Olmstead, WSBA 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo WA 98370
360-799-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855
KALLISLAW Protecting Civil Rights, PC
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
Jeff.Kallis@Protecting-Civil-Rights.com

2. At all times material hereto, **Defendants Wallin and Smith** were individuals employed by the Snohomish County Sheriff's Office and acting as an agent of the County of Snohomish, in the State of Washington.

3. At all times material hereto, **Defendant County of Snohomish** and the **Snohomish County Sheriff's Office** were government entity within the State of Washington employing and supervising **Defendants Wallin,** and **Smith**.

4. Plaintiff is unaware of the true identities or capacities of **DOES 1 through 5** and on that basis sue them under fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant sued herein fictitiously is responsible in some manner for the events and occurrences referred to herein. Once Plaintiff discover the true identity and capacities of DOES I through 5, Plaintiffs will amend their Complaint to identify them by their true names and capacities.

5. Plaintiff is further informed and believe and thereon allege that at all times referred to herein, *each defendant, including DOES 1 through* 5, inclusive, were the principal, agent, employer, or employee, of each of the other defendants, and *were acting within the course and scope of that agency or employment, and acting under color of law at all times relevant hereto*. Further, the acts of defendants, and each of them were ordered, approved, adopted, ratified, or acquiesced in by the remaining defendants, and each of them.

## II. JURISDICTION AND VENUE

6. Defendants, and all of them, were providing public services, to wit law enforcement services within Snohomish County, Washington.

7. Defendants, individual Officers, at all times material hereto, were Snohomish County Deputy Sheriffs, acting under color of authority and within the scope of their positions as law enforcement officers for Snohomish County.

8. The incident which caused the injuries to Plaintiff upon which this Complaint is based occurred at Snohomish County, within the State of Washington.

Smith v. Wallin et.al.

COMPLAINT

Page 2

Thomas S. Olmstead, WSBA 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo WA 98370
360-799-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855
KALLISLAW Protecting Civil Rights, PC
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
Jeff.Kallis@Protecting-Civil-Rights.com

9. This Court has subject matter jurisdiction over this action pursuant to RCW §§ 4.12.010; 4.12.020 and Concurrent jurisdiction of the Federal Causes of action 42 USC § 1983 (see *Howlett v. Rose*, 496 U.S. 356 (1990)).

10. This court has personal jurisdiction over the Defendants pursuant to RCW 4.25.1 85 because they transacted business within the State of Washington, committed tortious acts within the State of Washington, and owned, used, or possessed property within the Slate of Washington.

11. Venue is proper in Snohomish County pursuant to RCWA 4.12.025 because Defendants work, and/or transact business, in Snohomish County, and have their place of business in Snohomish County. Venue is also proper in Snohomish County pursuant to RCW 4.12.025(1) because the registered agents for service of process for Defendant Snohomish County is located in Snohomish County. Venue is also proper in Snohomish County pursuant to RCW 4.12.025(3). Because the torts alleged herein occurred in Snohomish County and names a County as the Defendants, RCW 36.01.050 provides that actions against a county may be commenced in the Superior Court of that county or in the superior court of either of the two nearest judicial districts. Thus, King County is an appropriate location for Venue.

### III PRELIMINARY STATEMENT

12. The Individual Defendants used the power of their office to punish Plaintiff for not cooperating with their investigation and attempted detention of the Plaintiff, by having a police dog bite him numerous times. Defendants never saw a weapon, nor were Defendants threatened or attacked by the Plaintiff.

13. On June 20, 2017, early in the morning, police were called to an apartment located at 3111 132 ST SE, Everett. The anonymous caller, prior to hanging up, stated that a man had tried to, or did rob her, with an un-identified weapon and that he was wearing a red shirt. No other information was given at that time other than that the reporting person would be outside the building.

14. Defendant Smith arrived at the location and did not see a female reporting person. Defendant Smith did observed Plaintiff, who was similarly dressed to the reported

Smith v. Wallin et.al.  
COMPLAINT  
Page 3

Thomas S. Olmstead, WSBA 8170  
Law Office of Olmstead & Somers, LLC  
P.O. Box 68  
Poulsbo WA 98370  
360-799-8980  
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855  
KALLISLAW Protecting Civil Rights, PC  
321 High School Rd D3  
Bainbridge Island, WA 98110  
888-441 1529 or 206 317 6287  
Jeff.Kallis@Protecting-Civil-Rights.com

suspects. Defendant Smith believed the person he saw was a Caucasian male, not an African American male.

15. The man seen by Defendant Smith entered into the "woods".

16. Smith searched for the man but could not see him. Smith did not enter the woods. Defendant did not know the location of the Plaintiff even though he claims to have heard someone moving quickly through the bushes and brambles.

17. Defendant Wallin and his Police Dog arrived at the location and Wallin and his trained attack dog joined Defendant Smith at the edge of the woods.

18. Wallin claims that he heard a woman crying and that he heard a person moving through the woods. Defendants Wallin and Smith assert that they called out to the unknown persons that they had a dog and that the person needed to surrender or be bitten. Plaintiff denies that the Deputies called out to him or informed him an attack dog would be released to bite him.

19. The Defendant Officers believed that the suspect was in the woods with the crying woman. Without regard to the safety of either the woman or the suspect the police attack dog was released to bite the unknown person in the woods.

20. At no point prior to the dog being sent to bite the Plaintiff, did Marlon Smith approach the officers, nor did he threaten the officer. He simply hid from them.

21. Prior to releasing the dog, the officers asserted that they tried several times to call the reporting person. The phone was picked up one time and immediately hung up. Additional calls were made but not answered. Thus, the Defendants could not confirm the anonymous call to 911.

22. The Defendants did not hear a phone ring from the woods and thus knew, or should have known, that the woman who called was not the woman that they allegedly heard crying in the woods.

23. A reasonable officer looking for a subject who had not threatened them, nor acted in an aggressive fashion towards them, and Defendants that had not confirmed that a breach of the law had occurred, would know that the first use of force to apprehend a subject

Smith v. Wallin et.al.

COMPLAINT

Page 4

Thomas S. Olmstead, WSBA 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo WA 98370
360-799-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855
KALLISLAW Protecting Civil Rights, PC
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
Jeff.Kallis@Protecting-Civil-Rights.com

for investigation should not be through the application of an intermediate or deadly force option.

24. The Defendant Officers had non-lethal tools that they could have used. (Chemical spray, Tasers, Batons, their hands or officer swarm techniques.)

25. The Defendants could have used the dog to sweep the woods while the dog was leashed. In fact, the Defendants did use the dog to identify the area that Plaintiff was hiding in. But rather than follow the leashed dog to the location of the plaintiff they released the dog with full knowledge that the dog would bite.

26. Defendants did not follow the dog to the actual location of the defendants. They did not want to go into the bushes and perhaps tear their uniforms or get scratched by the brambles.

27. Rather than actually see the location of the hidden suspect, or the crying woman, Wallin ordered his attack trained police dog to bite and maul whoever was in the woods.

28. Even though Plaintiff had made no aggressive movements towards the officers, and the officers had not seen any weapons on Plaintiff, a decision was made jointly by Wallin and Smith to inflict serious harm on the Plaintiff by having a trained police dog attach and bite Plaintiff several times.

29. The police dog was released and did bite Plaintiff several times, causing serious injury to Plaintiff's leg.

30. The Defendants actions were intentional in terms of having the Police Dog bite the Plaintiff even though the Plaintiff had done nothing threatening towards them and had not been identified by the "Victim" as the person who tried to rob her.

31. Plaintiff further asserts that he was attacked by the dog because the officers did not like his attitude or failure to immediately follow their alleged commands to come to them.

32. Defendants created reports that clearly show that Plaintiff was never aggressive and never attacked the officers or appeared to be about to attack the officers. Plaintiff only refused to follow orders to get up and approach the Defendants - he was non-compliant as to

Smith v. Wallin et.al.

COMPLAINT

Page 5

Thomas S. Olmstead, WSBA 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo WA 98370
360-799-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855
KALLISLAW Protecting Civil Rights, PC
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
Jeff.Kallis@Protecting-Civil-Rights.com

Case 2:20-cv-00037-RSM   Document 1   Filed 01/09/20   Page 6 of 10

that order but had done nothing to threaten the Defendants and was not identified as having committed any crime.

33. He was not hostile towards the police officers.

34. The use of a police dog to inflict injury in order to punish a suspect by the infliction of severe pain and physical injury is unjustified and constitutes excess force.

35. The use of a police dog is considered an intermediate use of force, just below the use of deadly force and above the use of chemical spray or a taser.

36. The injuries Plaintiff suffered were serious and ultimately caused Plaintiff to be hospitalized and to suffer several surgeries to deal with the ramifications of the dog bite.

37. The Police dog is a member of the Snohomish Sheriff's Department, badge number 9064, and is supervised by the Sheriff's Department employees. Snohomish County is responsible for the actions of the Deputies and the police dog. The Police Dog was in uniform and identified as a Snohomish County Sheriff's Department Police Dog.

38. The Defendants and the dog were acting under color of authority. They were acting as a member of the Snohomish County Sheriff's Office.

39. Plaintiff is informed and believes and thereon alleges that defendant Wallin has a history of using his police dog to injure non-compliant suspects who were not an active threat to others and other use of excessive force in performance of his duties as a law enforcement officer.

40. Plaintiff is informed and believes and therefore alleges that the Sheriff's Office of Snohomish County and the County itself, knew of the practice to use police dogs to bite and injure non-threatening suspects, knew the use of excessive force of Deputy Wallin and that the County Defendants have ratified such conduct.[1]

41. There is nothing in any of the police reports that states or suggests that Plaintiff was actively threating the defendants with injury or harm. The only thing that the Defendants identify was Plaintiff's failure to come out of the woods. Defendants do not state that Plaintiff made a furtive motion towards his waist; nor do they suggest that the Plaintiff was an imminent

---

[1] Plaintiff will amend the complaint to formally allege a Monell Action once discovery has produced evidence supporting the claim

Smith v. Wallin et.al.

COMPLAINT

Page 6

Thomas S. Olmstead, WSBA 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo WA 98370
360-799-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855
KALLISLAW Protecting Civil Rights, PC
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
Jeff.Kallis@Protecting-Civil-Rights.com

danger to anyone. The Defendants say that they could not see the Plaintiff and did not know what he was doing.

42. The officers made NO to attempt to make physical contact with Plaintiff and to take him into custody. The Defendants used an attack dog as their first attempt to take Plaintiff into custody after the Plaintiff failed to advance towards them when ordered to do so.

43. Deputy Smith facilitated and made possible the use of the attack dog by his presence and encouragement and is jointly liable under the Integral Participant Doctrine.[2]

44. Plaintiff has complied with the Tort Claim requirements as set forth in RCW 4.96.020 et.seq.

### First Cause Of Action - BATTERY
### Against Wallin, The Police Dog Snohomish County Under Respondent Superior

45. Plaintiff incorporates Paragraphs 1 through 44; and 54 through 64 as if fully set forth herein.

46. Plaintiff did not freely consent to being touched, assaulted or injured by the actions of the Deputy Defendants or the Police Dog.

47. Wallin, with the approval and concurrence of deputy Smith intentionally sent his police attack dog to batter and bite Plaintiff. Said bites constituted an unauthorized offensive touching that caused significant and permanent damage to the Plaintiff's leg and emotional damage associated with an unprovoked attack by an extremely dangerous weapon.

48. Defendants' actions were malicious and evil and intended to cause harm.

49. Plaintiff was damaged both emotionally and financially by this deprivation of his right to be free from the use of excessive force by Officers who were acting under color of their authority.

50. Said actions were taken with evil motive and /or intent and/or with a callous indifference to Plaintiff's rights or with a reckless indifference to the effects Defendant's action had and would have upon the Plaintiff.

---

[2] 101 A.L.R.6th 207 American Law Reports ALR6th Construction and Application of "Integral Participant" Doctrine, Which Defines Level of Actor's Involvement in Constitutional Injury that Will Support Finding of Personal Liability

Smith v. Wallin et.al.

COMPLAINT

Page 7

Thomas S. Olmstead, WSBA 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo WA 98370
360-799-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855
KALLISLAW Protecting Civil Rights, PC
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
Jeff.Kallis@Protecting-Civil-Rights.com

51. Defendant County is responsible for the actions of its employees and agents.

52. It is undisputed that Wallin, Smith and the Dog were acting within the scope of their employment as a Snohomish Deputy Sheriffs when they made unnecessary and brutal contact with the Plaintiff and/or failed to accurately report or to prevent the use of excess force.

53. Plaintiff seeks damages, including fees and costs and exemplary damages as set forth below.

### SECOND CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS
### FOURTH AMENDMENT EXCESS FORCE
### AGAINST WALLIN, SMITH AND ROBIN (THE POLICE DOG)

54. Plaintiff incorporates by reference Paragraphs 1 through 53 as if fully set forth herein.

55. Plaintiff had a Constitutional Right to be free from excess force being used against him (42 USC 1983).

56. Defendants were, at the time of the incident, law enforcement officers acting under color of the authority of the Snohomish County Sheriff's office and the County of Snohomish. Wallin and Smith's actions were approved of by the County and the Snohomish Sheriff's Office.

57. At no time did the Plaintiff threaten the use of force against the Defendants or anyone else.

58. At no time did the Plaintiff use force against the Defendants or any other person.

59. Plaintiff only failed to comply with the command to show himself and walk towards the officers.

60. Plaintiff was in fact unarmed and merely hiding in the woods.

61. Defendants believed that Plaintiff could have been the suspect in the robbery but had no information to specifically identify him as the suspect. (merely avoiding the police is not a crime

62. At no time did any of the officers who were present see a weapon on, or within reach of, the Plaintiff.

Smith v. Wallin et.al.

COMPLAINT

Page 8

Thomas S. Olmstead, WSBA 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo WA 98370
360-799-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855
KALLISLAW Protecting Civil Rights, PC
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
Jeff.Kallis@Protecting-Civil-Rights.com

63. Defendants did not ever approach the Plaintiff and lay hands on him before a police attack dog was used to punish him for his attitude and failure to "comply".

64. Plaintiff's leg was ripped open is several locations, mandating numerous stitches. Plaintiff also suffered numerous puncture injuries from the dog's bites.

65. Said actions were taken with evil motive and/or intent and/or with a callous indifference to Plaintiff's rights or with a reckless indifference to the effects Defendant's action had and would have upon the Plaintiff.

66. It is undisputed that Wallin, Smith and the Dog were acting within the scope of their employment as a Snohomish Deputy Sheriffs when they made unnecessary and brutal contact with the Plaintiff and/or failed to accurately report or to prevent the use of excess force.

67. Plaintiff seeks damages as set forth below.

Wherefore, plaintiff demands judgment as set forth below:

A) Special Damages for future psychological treatment;

B) General Damages for emotional distress and medical bills;

C) Past and Future Medical Expenses;

D) Damages for Physical pain and suffering;

E) Cost of Suit

F) Fees as allowed by law

G) Exemplary or Punitive Damages

H) All other remedies the court finds appropriate.

Signed this 9th day of January 2020.

/s/ Thomas S. Olmstead

Thomas S. Olmstead WSBA#8170
Co-Counsel for Plaintiff
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo, WA 98370
lawoffice@tomolmstead.com

Smith v. Wallin et.al.

COMPLAINT

Page 9

Thomas S. Olmstead, WSBA 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo WA 98370
360-799-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855
KALLISLAW Protecting Civil Rights, PC
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
Jeff.Kallis@Protecting-Civil-Rights.com

/s/ M. Jeffery Kallis

By: M. Jeffery Kallis, WSB # 27855
Co-Counsel for Plaintiff
*Kallislaw* - Protecting Civil Rights, P.C.
321 Highschool Road D3
Bainbridge Island, WA 98110
jeff.kallis@protecting-civil-rights.com

Smith v. Wallin et.al.

COMPLAINT

Page 10

Thomas S. Olmstead, WSBA 8170
Law Office of Olmstead & Somers, LLC
P.O. Box 68
Poulsbo WA 98370
360-799-8980
lawoffice@tomolmstead.com

M. Jeffery Kallis, WSBA 27855
KALLISLAW Protecting Civil Rights, PC
321 High School Rd D3
Bainbridge Island, WA 98110
888-441 1529 or 206 317 6287
Jeff.Kallis@Protecting-Civil-Rights.com